**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SAMUEL J. SPEEDONE,
Plaintiff-Appellant,

v.                                                                                  No. 98-1465

REVCO DS, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-97-919-S)

Submitted: October 30, 1998

Decided: January 4, 1999

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Eric Siegel, Guy Zuzovsky, Washington, D.C., for Appellant. Joseph
A. Schwartz, III, Pamela Metz Kasemeyer, SCHWARTZ, BOYD &
METZ, P.A., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Samuel J. Speedone appeals the district court's order granting summary judgment to his former employer, Revco Drugs, Inc. ("Revco"), in his Title VII action alleging religious discrimination and retaliation. Speedone, an Orthodox Jew, alleged that Revco's refusal to transfer him to a store in Baltimore was improperly based on his religion. The district court held that Speedone failed to establish a prima facie case of religious discrimination and that Revco provided a legitimate non-discriminatory reason for its decision to deny Speedone's requests for a transfer. We conclude that Revco has provided a legitimate, nondiscriminatory explanation for its denial of Speedone's transfer requests and that Speedone failed to create a triable dispute over whether that explanation is pretextual. Accordingly, we affirm.

In December 1992, Revco hired Speedone as one of three pharmacists to work in a store in Hagerstown, Maryland.[1] During the interview process, Speedone informed Revco that he could not work Friday evenings or Saturdays until sundown due to his religious beliefs. To accommodate Speedone, Revco scheduled him to work Sundays through Thursdays.

In June 1995, Speedone requested a transfer to a Baltimore store to reduce commuting costs. At the time of this request, there were no three-pharmacist stores in Baltimore with a pharmacist[2] vacancy. Revco contends that Speedone's scheduling requirements could not be met in a two-pharmacist store without causing undue hardship for the second pharmacist, who would then be required to work every weekend. Revco did offer Speedone a transfer to a two-pharmacist store with the provision that Speedone work Friday evenings and Saturdays; Speedone declined this transfer.

---

[1] Speedone accepted the position in Hagerstown even though he resided in Baltimore.

[2] Three pharmacists are needed to staff those stores in which the pharmacy is open 120 hours per week.

2

When Revco opened a new store in Hagerstown, the pharmacy sales in Speedone's store decreased. Accordingly, Revco reduced the pharmacy's hours, and because Speedone was the junior pharmacist at his store, his schedule was reduced to twenty-six hours per week instead of forty. However, Revco arranged for Speedone to work at a store in Baltimore to make up for some of the reduction.**3** In September 1995, Speedone requested that he not be scheduled to work on Tuesdays and Thursdays so he could participate in educating his children at home. Revco agreed to this request.

After allegedly submitting two other requests for a transfer in May 1996, Speedone filed a charge with the Equal Employment Opportunity Commission, in which he alleged that Revco discriminated against him on the basis of his religion by failing to transfer him to a Baltimore store.

In December 1996, Revco terminated Speedone's employment when, after leaving the store, a security check revealed he possessed several store items he had not purchased. Speedone acknowledged that the termination of his employment was justified. Subsequent to the termination of his employment, Speedone filed this complaint alleging retaliation and religious discrimination in violation of Title VII.

Title VII prohibits employment discrimination on the basis of religion.**4** Absent direct evidence of discrimination, a plaintiff must first demonstrate a prima facie case of discrimination.**5** Once a party has made a prima facie case, the employer must provide a legitimate nondiscriminatory justification for its action. **6** If the employer advances such a justification, the plaintiff then must prove that this

_____

**3** Speedone was scheduled to work ten hours per week in the Baltimore store.
**4** <u>See</u> 42 U.S.C. § 2000e-2(a) (1994).
**5** <u>**See McDonnell Douglas Corp. v. Green**</u>, 411 U.S. 792, 802 (1973); <u>Chalmers v. Tulon Co. of Richmond</u>, 101 F.3d 1012, 1017 (4th Cir. 1996), <u>cert. denied</u>, ___ U.S. ___, 66 U.S.L.W. 3815 (U.S. Oct. 6, 1997) (No. 96-1874).
**6** <u>**See Texas Dep't of Community Affairs v. Burdine**</u>, 450 U.S. 248, 253 (1981); <u>Chalmers</u>, 101 F.3d at 1017-18.

justification is a mere pretext for an actual discriminatory motive.**7** We review a grant of summary judgment de novo.**8** Summary judgment is appropriate when there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.**9** All reasonable inferences are to be drawn in favor of the non-moving party. **10**

Speedone challenges the district court's conclusion that he did not establish a prima facie case of religious discrimination or retaliation. We agree with the district court that Speedone failed to establish any adverse employment action taken by Revco that was in any way related to his religious beliefs. In fact, Revco offered ample evidence demonstrating their commitment to accommodating Speedone's religious beliefs. It is undisputed that Speedone never worked Friday evenings, Saturdays before sundown, or any religious holiday during his employment with Revco. Further, Speedone's contention that his religion motivated Revco's denial of his requests for a transfer is nothing more than speculation. Even if Speedone demonstrated a prima facie case of discrimination based upon religion, Revco advanced legitimate, nondiscriminatory business reasons for its decision not to transfer Speedone, and Speedone failed to establish this justification was pretextual.

Accordingly, we affirm the district court's order granting summary judgment to Revco. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

**7** **See St. Mary's Honor Ctr. v. Hicks**, 509 U.S. 502, 507-08 (1993); Chalmers, 101 F.3d at 1018.

**8** **See Higgins v. E. I. DuPont de Nemours & Co.**, 863 F.2d 1162 (4th Cir. 1988).

**9** **See Celotex v. Catrett**, 477 U.S. 317, 323 (1986).

**10** **See Cole v. Cole**, 633 F.2d 1083, 1092 (4th Cir. 1980).

4